PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPHUS M. PETAWAY, | ) | |
| | ) | CASE NO. 4:11cv2529 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| VINCENT BURTON, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Regarding ECF No. 33] |

This matter is before the Court upon the Motion to Compel Pursuant to Fed. R. Civ. Pro. 37 filed by *pro se* Plaintiff Josephus M. Petaway. ECF No. 33. Plaintiff seeks four categories of documents purportedly related to his claim that Defendant Vincent Burton, Plaintiff's former case manager at the federal Bureau of Prisons ("BOP"), retaliated against him by causing him to undergo a sexual offender review; restricting his email access; and transferring him to an allegedly undesirable facility. ECF No. 1 at 8-10. Defendant filed a response, asserting that he has provided Plaintiff with the requested items in compliance with the Court's Order. ECF No. 35 at 4. For the reasons that follow, the Court denies Plaintiff's motion.

**I.**

On March 26, 2013 the Court conducted a telephonic Case Management Conference ("CMC") wherein it was agreed that Defendant's counsel would facilitate Plaintiff's upcoming request to "seek discovery including all documents that Defendant and all case managers prepared as to Plaintiff."[1]  ECF No. 23 at 2. Specifically, the Court instructed counsel for

---

[1] Participating in the conference were counsel for Defendant, United States Attorneys Lisa Hammond Johnson and Heather Tonsing Volosin, as well as counsel for the BOP, Marissa

(4:11cv2529)

Defendant to facilitate Plaintiff's request to review his central file so that he may have access to the things he would ordinarily have access.[2]  Thereafter, Plaintiff viewed his central file and sent additional requests to Defendant's counsel.  ECF Nos. 33 at 2-3; 35 at 2.  Defendant's counsel complied with certain requests by providing various documents to Plaintiff, including documents that were not contained in his central file, and provided explanations when certain other requested documents did not exist.  ECF No. 35 at 2; 35-4; 35-5.  Plaintiff, dissatisfied with Defendant's response, moved the Court to compel the production of four categories of documents to which he contends he is entitled.  ECF No. 33 at 1.

## II.

Plaintiff seeks "all documents that show an opinion or assessment of Mr. Petaway's sexual history of proclivity prior to or during his incarceration (excluding his pre-sentence investigation ("PSI") Report.[)]"  ECF No. 33 at 1.  Defendant responds that no other document exists, aside from Plaintiff's PSI report.  ECF Nos. 35 at 3; 32-1 at 22 (explaining that when Plaintiff requested a transfer, his PSI, which contained conduct triggering a Walsh Act Review,

---

Davidson.  ECF No. 23 at 1.  Plaintiff presently resides at the F.C.I. Terre Haute work camp, and his current case manager, Ms. Fortune, appeared during the telephone conference and agreed to timely process Plaintiff's request to view his case file.  ECF No. 23 at 3.

[2]  Although Plaintiff filed his motion pursuant to Rule 37, during the CMC counsel for Defendant stated their intent to file, and has now actually filed, a summary judgment motion on the basis of qualified immunity, which limits the amount of discovery the parties may undertake.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004).

(4:11cv2529)

was consulted).³

Next, Plaintiff seeks "the memorandum or document (including emails) that Defendant Burton and/or [BOP] employee[s] prepared and submitted to the Walsh Notification Review Panel to have Mr. Petaway evaluated as a Sexually Dangerous Person or as a sexual offender." ECF No. 33 at 1. Defendant contends that "neither Burton nor any other BOP employee submitted a memorandum or document to the Walsh Panel to have Petaway reviewed as a sexually Dangerous Person or as a sexual offender." ECF No. 35 at 3 (explaining that the Walsh Act Review screening was triggered when a request was made to transfer Plaintiff to a lesser security facility). Additionally, Defendant states that BOP policy does not permit inmates to access internal BOP employee email. ECF No. 35 at 3. Because the Court has ordered discovery of only those items that Plaintiff would ordinarily have access to, and because BOP internal emails are not items Plaintiff would ordinarily have access to, Defendant is not required to supply internal BOP emails, even if such items were to exist.

Plaintiff also seeks to compel "the memorandum or document (including e-mails) that Defendant Burton or any BOP[] employee prepared to suspend, to limit, to deny, or to restrict Mr. Petaway's access to his Trulincs electronic messages." ECF No. 33 at 1. Defendant responds that no such memorandum or documents exits. ECF No. 35 at 4 (explaining that once a

---

³ The Adam Walsh Child Protection and Safety Act of 2006 ("Walsh Act"), also known as the Sex Offender Registration and Notification Act, is a federal statute designed to protect the public from sex offenders and offenders against children, Adam Walsh Child Protection and Safety Act of 2006, PL 109-248, July 27, 2006, 120 Stat. 587 (codified at 42 U.S.C. § 16901 *et seq.*), and includes a provision for the civil commitment of sexually dangerous persons who are due to be released from BOP custody. 18 U.S.C. § 4248; 28 C.F.R. § 549.90.

3

(4:11cv2529)

Walsh Review is triggered, the computer system automatically suspends an inmate's email privileges).

Finally, Plaintiff seeks "a print out of any and all BOP[] employees who have reviewed Mr. Petaway's History of Administrative remedies, particularly Defendant Burton." ECF No. 33 at 1. Defendant states that there is no system tracking whether a case manager accesses the administrative remedy paper files or the Administrative Remedy Retrieval files in BOP's SENTRY database. Additionally, because Defendant Burton does not deny that he knew about Plaintiff's administrative remedy activity, the non-existence and non-production does not prejudice Plaintiff. ECF No. 35 at 4.

Having considered the parties' foregoing arguments, the Court is satisfied that Defendant has complied with Plaintiff's discovery requests and the Court's CMC Plan/Order (ECF No. 23). Accordingly, Plaintiff's Motion to Compel (ECF No. 33) is denied.

**III.**

For the reasons stated above, the Court denies Plaintiff's Motion to Compel (ECF No. 33).

IT IS SO ORDERED.

  June 25, 2013                                          */s/ Benita Y. Pearson*
Date                                                         Benita Y. Pearson
                                                                 United States District Judge