PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPHUS M. PETAWAY, ) | |
| ) | CASE NO. 4:11cv2529 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| VINCENT BURTON, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Regarding ECF No. 39] |

Before the Court is *pro se* Plaintiff's Motion for Reconsideration of the Court's Order denying Plaintiff's previously filed Motion to Compel. ECF No. 39. For the reasons explained below, Plaintiff's motion is denied.

**I.**

A court's authority to reconsider an order before final judgment has been entered is well established. *E.g.*, Fed.R.Civ.Pro. 54(b); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("[a] court has the power to revisit prior decisions of its own ... in any circumstance."). While a motion for reconsideration should not be used to re-litigate issues previously considered, courts traditionally will find justification for reconsidering interlocutory orders when there is: 1) an intervening change of controlling law; 2) new evidence; or 3) a need to correct a clear error or prevent manifest injustice. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. App'x. 949, 959 (6th Cir. 2004) (unpublished disposition) (citing *Reich v. Hall Holding Company*, 990 F.Supp. 955, 965 (N.D.Ohio 1998)).

(4:11cv2529)

## II.

In his Motion to Compel, Plaintiff sought four specific categories of documents that he believed Defendant improperly withheld.  ECF No. 33 at 1.  The Court denied his motion because it found that Defendant had complied with Plaintiff's discovery requests and the Court's Case Management Plan/Order.[1]  ECF No. 36 at 4.

In his Motion for Reconsideration, Plaintiff requests the Court "authorize discovery (per Rule 56(d) of the F.R.Cv.P.) in the manner specified below so he can more thoroughly respond to Defendant Burton's Motion for Summary Judgment and his Reply."  ECF No. 39 at 1.  As an initial matter, the Court notes that Plaintiff has already filed an opposition brief in response to Defendant's dispositive motion, and that he is not permitted to file a response to Defendant's reply without leave of Court.  *See* ECF No. 23 at 4 (no sur-replies permitted).  Therefore, Plaintiff does not at this time, practically speaking, require additional discovery.  Moreover, Plaintiff's request to depose seven individuals is a new request not properly brought in a motion for reconsideration, and, additionally, contravenes the discovery plan previously issued by the Court.

Plaintiff also objects to Defendant's recent motion for an extension of time to file his reply brief.  ECF No. 39 at 3.  Defendant requested extra time because, in part, he needed to acquire additional information from the Bureau of Prisons ("BOP") in order to "adequately respond to the many factual allegations made in Plaintiff's opposition brief."  ECF No. 38 at 1-2.

---

[1] The Case Management Plan/Order set forth guidelines for limited discovery because Defendant intended to file, and did file, a motion based on qualified immunity.

(4:11cv2529)

Plaintiff argues that this amounts to "unilateral discovery."  The Court points out that Defendant, a BOP employee, is not precluded from obtaining information from the BOP in support of his own defense.  Should, however, Defendant access information relevant to the underlying dispute that has not already been provided to Plaintiff, Defendant must provide Plaintiff with access or explain why he is not able to do so.

Finally, Plaintiff argues that a BOP email he submitted with his opposition brief indicates that Defendant has not been forthcoming about the existence of documents, specifically a memorandum Plaintiff alleges was sent by Defendant to the Walsh Review Panel.  ECF No. 39 at 5.  The Court has reviewed the email (ECF No. 37-13), and does not find it indicative of any improprieties by Defendant regarding his discovery responses.  Therefore, the Court is not persuaded that Plaintiff's submitted email is new evidence necessitating a reversal of the Court's prior Order, to the extent Plaintiff advances this argument.  Plaintiff makes additional arguments that are the same arguments he previously made to the Court, and which the Court denied.  The Court finds no reason to re-litigate those issues previously considered.  Plaintiff's Motion for Reconsideration is denied.

### III.

For the reasons stated above, the Court denies Plaintiff's Motion for Reconsideration (ECF No. 39), but orders, as stated above, that should Defendant access information relevant to the underlying dispute that has not already been provided to Plaintiff, Defendant must provide

(4:11cv2529)

Plaintiff with access or explain why he is not able to do so.

   IT IS SO ORDERED.

| | |
|---|---|
|  August 7, 2013 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |