PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPHUS M. PETAWAY, | ) |
|     Plaintiff, | ) CASE NO. 4:11cv2529 <br> ) |
|     v. | ) JUDGE BENITA Y. PEARSON <br> ) |
| VINCENT BURTON, | ) |
|     Defendant. | ) **MEMORANDUM OF OPINION AND** <br> ) **ORDER** [Regarding ECF Nos. 44; 45] |

On September 12, 2013 Magistrate Judge George J. Limbert issued a Report ("R&R") recommending that the Court grant summary judgment in favor of Defendant Vincent Burton, dismissing *pro se* Plaintiff Josephus Petaway's Living Skills and Program Participation score claim and taunting claim without prejudice for his failure to exhaust those claims, and dismissing the remaining claims with prejudice. ECF No. 44. Plaintiff filed a timely objection (ECF No. 45), and Defendant responded (ECF No. 46). For the reasons explained below, the Court overrules Plaintiff's objections and adopts the R&R.

**I. Background**[1]

Plaintiff filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against Defendant, a case manager at Federal

---

[1] The R&R fully sets out the factual background which the Court incorporates herein. *See* ECF No. 44 at 1-6.

(4:11cv2529)

Correctional Institution Elkton ("FCI Elkton") in his individual capacity, alleging retaliation as a result of Plaintiff exercising his right to access the courts and request due process of law. ECF Nos. 44 at 1; 1 at 1-2. Plaintiff alleges that Defendant violated his constitutional rights when Defendant: reduced his "good" score on the Living Skills and Program Participation to "average"; taunted him at the "shakedown" at Federal Satellite Low Elkton ("FSL Elkton"); refused to change Plaintiff's release address; refused to correct the severity of his offense which impacted his security level; subjected him to the Walsh Act review; and transferred him from FCI Elkton to FSL Elkton. ECF Nos. 44 at 9-11; 1 at 3-12.

Defendant filed a motion for summary judgment, arguing that Plaintiff did not exhaust his administrative remedies as to his claims relating to his Living Skills score and taunting. ECF No. 32-1 at 12. Defendant further argued that he is entitled to qualified immunity on the remaining claims. ECF No. 32. The magistrate judge found in favor of Defendant, and recommended Plaintiff's first two claims be dismissed without prejudice for failure to exhaust remedies, and that Defendant is entitled to qualified immunity on the remaining claims. ECF No. 44 at 17. Plaintiff objects to these findings. ECF No. 45.

## II. Legal Standard

When an objection has been made to a magistrate judge's report and recommendation, the district court standard of review is *de novo*. Fed. R. Civ. Pro. 72(b)(3). A district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. *Id*. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

2

(4:11cv2529)

Accordingly, the Court has conducted a *de novo* review of the R&R and has considered Plaintiff's arguments raised in objection.  For the reasons set forth below, the Court adopts with the recommendation of the magistrate judge.

### III.  Analysis

#### A.  Exhaustion

The magistrate judge found that Plaintiff had not exhausted his claims relating to his Living Skills score and alleged taunting by Defendant.  ECF No. 44 at 10-11.  Plaintiff objects to this finding regarding his Living Skills score.  ECF No. 45 at 4, n.3.  Plaintiff states that "these scores are repeatedly mentioned in the Administrative Remedies that Defendant Burton acknowledged Mr. Petaway properly exhausted."  *Id*.  Thus, Plaintiff asserts, he did properly exhaust his administrative remedies as to his Living Skills score.  *Id*.

Plaintiff did not advance this argument before the magistrate judge and, therefore, his argument is waived.  *See* Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) ("[w]hile the Magistrate Judge Act, 28 U.S.C. § 631 [] permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]."). Additionally, the Court notes that although Plaintiff's Living Skills score is referred to in a "Request for Administrative Remedy" form, the grievance detailed in that form complained of Plaintiff's Greater Security Management Variable ("GSMV"), discussed below.  *See* ECF No. 32-2 at 36-38.

#### B.  Qualified Immunity— Retaliation

(4:11cv2529)

The R&R listed the elements a plaintiff must show to prevail on a First Amendment retaliation claim: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of normal ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." ECF No. 44 at 11 (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). The parties do not dispute that Plaintiff's conduct—filing grievances—is protected.

### 1. Release Residence

The magistrate judge found that Plaintiff was unable to satisfy the adverse action element of his retaliation claim concerning Defendant's failure to change his release residence. ECF No. 44 at 13. Plaintiff does not object to this finding.

### 2. Transfer to FSL Elkton, Review Under the Walsh Act, a GSMV and Loss of Email Privileges

The magistrate judge found that, even if Plaintiff did engage in protected conduct that resulted in adverse actions, he cannot meet the causal element by "overcom[ing] Defendant's showing that the same action would have been taken even without the protected activity." ECF No. 44 at 16 (citing *Thaddeus-X*, 175 F.3d at 399 ("If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment.")). Accordingly, the magistrate judge found that Plaintiff failed to present "'significant probative evidence' that the Walsh Act review, temporary removal of e-mail privileges and a lesser security transfer would not have occurred had he failed to file grievances."

4

(4:11cv2529)

ECF No. 44 at 16.

The magistrate judge also found that Plaintiff was unable to satisfy the adverse action element of his retaliation claim concerning his transfer to FSL Elkton.  The magistrate judge noted that, regarding the adverse action element, the Sixth Circuit has held that a transfer, absent "foreseeable, negative consequences," would not deter a prisoner of ordinary firmness from continuing to engage in protected conduct.  ECF No. 44 at 15 (quoting *Hill v. Lappin*, 630 F.3d 468, 474 (6th Cir. 2010)).  The magistrate judge found that Plaintiff does not allege foreseeable negative consequences resulting from his transfer from FCI Elkton to FSL Elkton that are of the type Sixth Circuit case law contemplates.  ECF No. 44 at 15 (collecting cases).

### a. Causal Element

Plaintiff's objection primarily relates to the magistrate judge's finding that he failed to show a causal connection between his filing of grievances and the acts complained of.[2]  Plaintiff, in his objection, argues that Defendant was "personally involved in the decision to transfer him to [FSL Elkton]," assess the GSMV, deny him access to his email, and prohibit him from working at the prison factory.[2]  ECF No. 45 at 2.  Plaintiff directs the Court to Exhibit I of his

---

[2]  The Court notes that the magistrate judge did not decide whether Defendant was entitled to qualified immunity based on his personal involvement in the matters Plaintiff alleges.  Plaintiff's objection primarily advances reasons why Defendant was personally involved.  Because the arguments presented by Plaintiff are related to the magistrate judge's finding that the events Plaintiff complains of would have occurred even if Plaintiff had not filed grievances, the Court considers them in that context.

[2]  A Greater Security Management Variable may be applied to an inmate's security classification during a Walsh Act review.  ECF No. 32-1 at 22 (citing Federal Bureau of Prisons Program Statement 5100.08, *Inmate Security Designation and Custody Classification*,

(4:11cv2529)

opposition brief, the Request for Transfer form filled out by Defendant Burton. *Id*. Plaintiff claims that this document shows that Defendant "never submitted Mr. Petaway for a transfer to a minimum security facility . . . because he did not believe that Mr. Petaway was appropriate for such a facility." *Id*. Instead, Plaintiff alleges, Defendant transferred him to FSL Elkton. *Id*. Plaintiff asserts that the magistrate judge did not consider his evidence, including Exhibit I. *Id*.

The Court has reviewed the R&R and the exhibits submitted by Plaintiff and is satisfied that the magistrate judge appropriately considered Plaintiff's evidence. Regarding Plaintiff's Exhibit I, the Request for Transfer form, Plaintiff does not explain how it supports his position. The R&R refers to declarations of Defendant and FCI Elkton Assistant Case Management Coordinator Sharon Harvey that explains that the items Plaintiff complains of were part of the process of transferring a prisoner to a lower security institution, and that Plaintiff was not immediately transferred to a minimum security facility because he was subject to a mandatory Walsh Act review. *See* ECF No. 44 at 14-15, referring to ECF Nos. 41-1 at 3-4 (Sharon Harvey's declaration that she instructed Defendant that Plaintiff needed a Walsh Act review, a GSMV, and that Plaintiff should be transferred to FSL Elkton; additionally, as a result of the Walsh Act review, Plaintiff was automatically removed from Trulincs); 32-3 at 6-7 (Defendant's declaration explaining that he was instructed by Harvey to request the transfer to FSL Elkton; to add a GSMV; and that the email removal was automatic). Exhibit I does not refute this— it is merely the transfer form to FSL Elkton signed by Defendant. Plaintiff's unsupported

Definitions, "Management Variable" Ch. 2, p3, available at http://www.bop.gov/policy/progstat/5100_008.pdf)

(4:11cv2529)

speculations are insufficient to show that, despite evidence presented to the contrary, Defendant, in retaliation, refused to transfer him to a minimum security facility, add a GSMV, and remove his email privileges.

Plaintiff makes additional assertions that ignore the evidence presented by Defendant. For example, despite Defendant's evidence that Trulincs removal is automatic pending a Walsh Review, Plaintiff continues to argue that Defendant removed his email privileges in retaliation. ECF No. 45 at 3-4. As the magistrate judge noted, "[o]nce the defendants put forth evidence, [Plaintiff is] required to present 'significant probative evidence' to defeat the motion for summary judgment on this ground." ECF No. 44 at 17 (quoting *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011)). Plaintiff has not done so.[3]

Plaintiff argues that Defendant "never requested that Mr. Petaway be transferred to a minimum security camp; therefore, A.C.M.C. Harvey's declaration that the transfer request to a camp caused the assessment of the [GSMV], the exclusion from Trulincs cannot withstand any scrutiny." ECF No. 45 at 4. Plaintiff misunderstands the argument and evidence submitted by Defendant. The transfer request to a minimum security institution, or camp, that caused the GSMV assessment, the Walsh Act review and the Trulincs removal was made by Plaintiff himself. *See* ECF No. 32-2 at 37 (Plaintiff's administrative complaint wherein he states that in April 2011 he requested a transfer to a camp); ECF No. 32-3 at 6 (Defendant's declaration

---

[3] Plaintiff refers to another federal prisoner, Darryl Bryant, who Plaintiff claims "was never assessed a 12-month [GSMV] or excluded from Trulincs." ECF No. 45 at 5. There is no evidence before the Court detailing Mr. Bryant's case history— Plaintiff's unsupported assertions regarding another prisoner are insufficient to overcome Defendant's evidence.

7

(4:11cv2529)

explaining that a transfer to a lower security institution, such as a camp, requires review of the case file, etc., and that he "attempted to put Plaintiff in to a Minimum security institution since he had been working on getting to Minimum security so he could be housed at a prison camp."). It was in an attempt to transfer Plaintiff to a camp that prompted the automatic review of his case, which in turn brought about the above-mentioned acts that Plaintiff complains of, including the intermediate step of a lesser security transfer to FSL Elkton. Thus, Plaintiff's transfer to FSL Elkton, his GSMV, Walsh Act review and the exclusion from Trulincs were all events that would naturally occur when a prisoner requests a transfer to a minimum security institution.

Plaintiff also asserts that although "Harvey stated that Mr. Petaway was initially charge[d] with Sexual Imposition against a minor," Plaintiff contends that he was not charged with sexual imposition. ECF No. 45 at 5. He states that he "is not sure if that was an actual charge in the state of Ohio at the time of his allegations; however, he was most certainly not charged with that offense. Plus, he was in fact the minor at the time the allegation was made." ECF No. 45 at 5-6. The Court notes that regardless of the charge originally brought against him, Plaintiff cannot refute Ms. Harvey's declaration that she was the official who reviewed his file pursuant to a transfer request and, pursuant to prison policy, instructed Defendant to initiate the events Plaintiff complains of. Thus, it cannot be said that the events Plaintiff complains of were done by Defendant in retaliation for Plaintiff filing grievances. Accordingly, Plaintiff cannot show a causal connection between filing grievances and the above-cited events.

### b. Adverse Action

Lastly, Plaintiff objects to the magistrate judge's "suggestion that Mr. Petaway was

(4:11cv2529)

transferred to the minimum security portion of F.S.L. Elkton." ECF No. 45 at 5. He claims that he was housed as a low security prisoner there "and he never went outside its secure perimeter." ECF No. 45 at 5. The Court notes that the R&R accurately recited what Defendant and Ms. Harvey stated in their declarations: that a transfer from FCI Elkton to FSL Elkton is considered a lesser security transfer. *See* ECF No. 44 at 16; 32-3 at 6; 41-1 at 4. Moreover, although Plaintiff asserts that the transfer did not provide him with greater privileges such as leaving the secure perimeter, he does not allege that the transfer caused him to be housed in an area that resulted in fewer privileges or higher security than he enjoyed at FCI Elkton. *See Thaddeus-X*, 175 F.3d at 396 (deterrent effect met when defendant threatened to transfer prisoner to the administrative segregation unit which housed mentally ill patients); *Hill*, 630 F.3d at 474 (deterrent effect met when prisoner was threatened with a transfer to the lock-down unit). Thus, the magistrate judge correctly found, after considering Plaintiff's memorandum and evidence presented, that Plaintiff failed to show an adverse action was taken against him that would deter a person of normal ordinary firmness from continuing to file grievances and engage in exercising his right to the courts. *See Thaddeus-X*, 175 F.3d at 398.

## IV. Conclusion

For the reasons stated above, the Court overrules Plaintiff's objections and adopts the R&R (ECF No. 44). The Court grants Defendant's Motion for Summary Judgment. ECF No. 32. Plaintiff's claim as to his Living Skills and Program Participation score and his taunting claim is dismissed without prejudice for his failure to exhaust those claims. Plaintiff's remaining claims are dismissed with prejudice.

9

(4:11cv2529)

Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| October 22, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |